**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JASMINE OLIVIA JEFFIRES,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF MISSOURI,<br><br>Defendant. | Case No.: 1:26-cv-00095<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jasmine Olivia Jeffires ("Plaintiff") brings this action against Defendant The Bank of Missouri ("TBOM"), and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this District under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Jasmine Olivia Jeffires ("Plaintiff") resides in Lexington, North Carolina, and qualifies as a "consumer" as defined and protected by the FCRA.

5. Defendant The Bank of Missouri ("TBOM") is a financial institution and a "furnisher" of credit information that maintains its principal place of business at 916 N Kings Highway St, Perryville, MO 63775.

## FACTUAL ALLEGATIONS

### Plaintiff Discovers that Equifax was Reporting Inaccurate Information from Fraudulent Transactions and Disputes Those Inaccuracies

6. Plaintiff is a victim of identity theft.

7. An identity thief used Plaintiff's personal information, without Plaintiff's permission, to open a credit card account with Defendant TBOM (the "Fraudulent TBOM Account").

8. Upon further investigation, Plaintiff discovered that the Fraudulent TBOM Account was associated with an address linked to her estranged biological father. Plaintiff never resided at that address and did not authorize anyone to open the Fraudulent TBOM Account on her behalf.

9. In fact, the Fraudulent TBOM Account was opened in 2019 when Plaintiff was just 14 years old.

10. On June 4, 2025, Plaintiff filed a police report with the Charlotte-Mecklenburg Police regarding the Fraudulent TBOM Account.

11. On June 5, 2025, Plaintiff filed an FTC Identity Theft Affidavit regarding the Fraudulent TBOM Account.

12. Plaintiff never consented to the creation or use of the Fraudulent TBOM Account.

13. Plaintiff did not benefit in any way from the creation or use of the Fraudulent TBOM Account.

### Defendant TBOM's Unreasonable Dispute Investigation June 2025

14. On or about June 13, 2025, Plaintiff disputed the Fraudulent TBOM Account with non-party Equifax. Specifically, Plaintiff disputed that the Fraudulent TBOM Accounts was not hers, but rather the product of fraud and identity theft.

15. Upon information and belief, non-party Equifax sent Defendant TBOM an ACDV

pursuant to Plaintiff's June 2025 dispute.

16. Upon information and belief, Defendant TBOM received Equifax's ACDV and did not adequately reinvestigate Plaintiff's dispute.

17. Upon information and belief, Defendant TBOM failed to adequately review all of the information provided to it regarding Plaintiff's dispute.

18. Upon information and belief, Defendant TBOM verified the disputed information as accurate in response to Equifax's ACDV, despite knowing or having reason to know that the account was opened when Plaintiff was a 14-year-old minor and was associated with an address where Plaintiff never resided.

19. Upon information and belief, Defendant TBOM failed to recognize that the Fraudulent TBOM Account was the product of identity theft.

20. Defendant TBOM violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed fraudulent Account was the product of identity theft.

**PLAINTIFF'S DAMAGES**

21. Plaintiff did exactly what she should have done upon realizing she was the victim of identity theft.

22. Plaintiff communicated directly with Defendant TBOM in June 2025 and explained that the Fraudulent TBOM Account was fraudulently opened and that she was the victim of identity theft.

23. Plaintiff filed a police report.

24. Plaintiff filed an FTC Identity Theft Affidavit.

25. As a direct result of Defendant TBOM's verification of the disputed Fraudulent TBOM Account to non-party Equifax, Defendant TBOM has continued to saddle Plaintiff with a credit card account that was the product of identity theft.

26. Due to Defendant's violations of the FCRA, Plaintiff's credit applications were denied, including a denial from Capital One on or about July 20, 2025.

27. Furthermore, Plaintiff was forced to obtain legal advice and counsel, for which she incurred attorney's fees.

28. Defendant's conduct has caused Plaintiff extreme and ongoing stress and anxiety. Plaintiff has suffered sleepless nights, frustration, worry, and ultimately felt utterly hopeless that Defendant would ever properly reinvestigate her disputes.

29. Further, Plaintiff reasonably believes that the fraudulent TBOM account negatively impacted and depressed her credit score and debt to income ratio.

30. At all times, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

31. At all times, the conduct of Defendant, as well as that of its representative agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

32. Further, after Plaintiff's disputes put Defendant TBOM on notice of likely inaccuracies and reasons to doubt the correctness of the information it was furnishing, Defendant TBOM ignored that information and did not use any human or substantive review to confirm and verify that the Fraudulent TBOM Account actually belonged to Plaintiff.

33. Defendant TBOM furnished the Fraudulent TBOM Account information to

consumer reporting agencies and continued to do so after receiving notice of Plaintiff's dispute and identity theft claim.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of 15 U.S.C. § 1681s-2b
### (Against Defendant TBOM)

34. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

35. Defendant TBOM refused to remove information that was the product of identity theft namely the fraudulent TBOM Account.

36. Defendant TBOM violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to the Credit Reporting Agencies; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to the Credit Bureau Defendants.

37. As a result of Defendant TBOM's conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove the fraudulent account that was the product of identity theft; and, the expenditure of labor and effort disputing and trying to remove the fraudulent account that was the product of identity theft.

38. Additionally, Plaintiff suffers interference with daily activities, as well as emotional

distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by Defendant TBOM.

39. Defendant's conduct, actions, and inactions were willful, or at least negligent, rendering them liable for actual damages, statutory damages, and punitive damages, and attorney's fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

Dated: May 4, 2026

**CONSUMER ATTORNEYS**

*/s/ Nisan Zaghi*
Nisan Zaghi, Bar # 5711072NY
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

*Attorneys for Plaintiff,*
*Jasmine Olivia Jeffires*